Peck, P. J.
This is a submitted controversy as to the right of defendant, Savings Banks Life Insurance Fund, to repay to plaintiff, one of the banks participating in the New York savings bank life insurance system, the sum of $19,000, representing the investment in the Fund of North River Savings Bank, which merged with plaintiff after both banks had established insurance departments and become members of the system. The basis of plaintiff’s claim to such repayment is the contention that equality of investment by the member banks is contemplated by the provisions of the Banking Law under which the Fund is set up, and that as plaintiff and North River Savings Bank are now one, plaintiff is entitled to be placed in a position of equality with the other members by having its investment in the Fund reduced to the amount invested by each of the other members. Plaintiff asserts that in the absence of any specific restriction in the law against such repayment the Fund has the right, if not the duty, to make such repayment under general and implied powers of conducting its business.
Defendant accedes to plaintiff’s wishes to the extent of expressing its willingness to make the repayment if it has the right to do so, but contends that the Fund is not an ordinary business operation with powers to be implied where not specifically limited, but is a strictly limited trust fund for the purpose of insuring the safety of the system and the only authority which the fund possesses is that which the Legislature has conferred ; hence it is limited in making repayment of investments by the provisions of the law pertaining to such repayment.
Particularly defendant points to that portion of section 262-b of the law which provides: ‘ ‘ Investments in savings banks life insurance fund may in the discretion of the fund trustees be retired pro rata provided that such retirement shall not reduce the total assets of the fund less liabilities below five hundred thousand dollars.”
It is agreed that under that section of the law defendant might make some prorata repayment, but the repayment which is sought by plaintiff is not such limited prorata repayment, but a complete individual repayment of the North River Savings *229 Bank investment. Admittedly this cannot be done under section 262-b and defendant contends that is the only section under which any repayment can be made. Plaintiff contends, on the other hand, that under the pattern of the law as a whole defendant has the right to make the requested repayment apart from section 262-b.
For the purpose of ascertaining and following the pattern of the law, it is necessary to view its several provisions. The law (Banking Law, art. VI-A) authorizes any New York savings bank, complying with certain specified conditions, to establish a life insurance department, which department in respect to its assets and liabilities shall be wholly distinct from the bank itself. At the outset of its operations,.and as a condition to establishing the department, each bank is required to advance not less than $20,000 to its department to meet its expenses, such advance to be ultimately repaid to the bank out of a surplus required to be created from net profits (§ 262-a). Savings Banks Life Insurance Fund is the central agency of the savings bank life insurance system for the purpose of spreading the risk among the participating departments, unifying their mortality experience, establishing standard forms of policies and accounting and generally co-ordinating the activities' of the departments. An additional and important function of the Fund is to establish a fund to be used as a guarantee of the obligations of the various departments, which fund is to be built from monthly contributions of the departments based upon a percentage of the premiums collected by the departments. At the outset, to take care of immediate operating expenses and other needs, the fund was to be established by the investment of not less than $20,000 from each bank establishing a department. It is contemplated that these investments will ultimately be repaid to the banks out of their regular and continuing contributions, and on the fund reaching $500,000 the trustees are empowered to waive all further investments from banks seeking to establish departments (§ 262-b). By partial refund of $1,000 the investment of the member banks has been reduced to $19,000, the amount involved in this controversy.
As we have stated, plaintiff contends that the concept of equality of investment underlies the Fund and that defendant is entitled to accord equality to plaintiff by remitting what has become a double investment on plaintiff’s part. Plaintiff also contends that as the trustees are authorized to waive contributions from new members when the fund has reached a certain point, they should have the right to repay additional *230 investments made by earlier supporters of the program. Also, plaintiff points to section 262-a of the law, relating to the surplus fund to be created by each bank in operating its own department, which section of the law provides that the “ advances to the surplus fund shall be repaid only as provided in this section, or under section two hundred seventy seven.” Plaintiff argues that as there is no such limitation in section 262-b, which otherwise corresponds to section 262-a in its provisions relating to the general fund, the absence of the limitation in section 262-b is significant and it should be presumed that the Legislature intended to give the trustees wider latitude and discretion in administering the general fund and in making repayments of investments.
We are not persuaded by the argument so clearly and forcefully made by plaintiff. The concept of equality of investment does not appear to underlie the Fund and that is apparent in several respects. In the first place, the investments are the underwriting of a fund to be built from contributions measured by the business done by the participating departments, so that in principle and ultimately the Fund is to represent prorata participation on the basis of business done rather than equality of investment on a unit basis. Also, the trustees are permitted to accept additional investments from members and at a certain point to waive entirely investment by new members, so that equality of investment is not necessary at any time and after a point inequality of investment is even contemplated.
As to the powers of the trustees with respect to repayments from the fund, we agree with the view expressed by defendant that section 262-b does not impose a limitation upon an otherwise broad authority of the defendant, but rather is the full extent of the authority of defendant which the Legislature has seen fit to confer.
Finally, we are not persuaded that there is any injustice in defendant’s position which should incline us toward an interpretation of the law which would allow plaintiff’s claim. While it is true that if the merger had taken place before the establishment of the Fund, plaintiff and North River Savings Bank together would have been required to make only a single contribution, the one today still represents the sum of the two and presumably the volume of its business is the volume of the two, so the depositors of the joint institution, who are the ones beneficially interested in its investment and whose interests plaintiff seeks to serve are not being saddled with an unequal or unfair load.
*231 As we do not find in the pattern, reason or provisions • of the law any contemplation of repaying investments except on a prorata basis under the conditions specified in section 262-b, judgment must be given to the defendant.
Gleexoe, Cohe, Vae Voorhis and Shieetag, JJ., concur.
Judgment unanimously directed for the defendant. Settle order on notice.